## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND** )<br>**ETHICS IN WASHINGTON** )<br>1400 Eye Street, N.W., Suite 450 )<br>Washington, D.C. 20005, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Plaintiff, )<br>　　　v. )<br>　　　　　　　　　　　　　　　　　)<br>**U.S. DEPARTMENT OF JUSTICE** )<br>950 Pennsylvania Avenue, N.W. )<br>Washington, D.C. 20530, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendant. )<br>_____ ) | Civil Action No. |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the U.S. Department of Justice ("DOJ") to respond to the expedited request of plaintiff for disclosure of records concerning the interviews of Vice President Richard B. Cheney, conducted outside the presence of the grand jury, as part of Special Counsel Patrick J. Fitzgerald's investigation into the leak of Valerie Plame Wilson's covert identity as an operative of the Central Intelligence Agency ("CIA").

2. This case seeks declaratory relief that the DOJ is in violation of the FOIA, 5 U.S.C. § 552(a)(6)(E)(I), for failing to respond to plaintiff's expedited request for records and injunctive relief ordering defendant DOJ to process immediately the requested records in their entirety.

### JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the DOJ pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(I).  This Court

also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district

under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a

nonprofit corporation, organized under section 501(c)(3) of the Internal Revenue code.  CREW

is committed to protecting the right of citizens to be informed about the activities of government

officials and to ensuring the integrity of government officials.  CREW seeks to empower citizens

to have an influential voice in government decisions and in the governmental decision-making

process through the dissemination of information about public officials and their actions.  To

advance its mission, CREW uses a combination of research, litigation and advocacy.  As part of

its research, CREW uses government records made available to it under the FOIA.

5. CREW has invested considerable organizational resources in pushing the U.S.

government to take ethics issues seriously.  CREW monitors closely the laws and rules

applicable to government agencies and government officials.

6. CREW is harmed by the DOJ's failure to process CREW's FOIA request on an

expedited basis, because that failure hampers CREW's ability to satisfy the compelling public

need for full, accurate and current information about the role Vice President Cheney played in

the leak of Ms. Wilson's covert CIA identity, the basis for the decision not to prosecute the vice

president, and the motivation for the attorney general's refusal to provide Congress with the FBI

interviews of the vice president in response to a congressional subpoena.  Absent this critical

information, CREW cannot advance its mission of educating the public to ensure that the public

continues to have a vital voice in government.

7. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702.  The DOJ is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

### STATUTORY FRAMEWORK

#### The Freedom of Information Act

8. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

9. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(I).

10. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B).

11. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester has demonstrated a "compelling need" as well as "other cases determined by the agency."  5 U.S.C. § 552(a)(6)(E)(I).  The FOIA defines "compelling need" as including requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity."  *Id*. at § 552(a)(6)(E)(v)(II).

12. Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request," 5 U.S.C. § 552(a)(6)(E)(ii)(I), and to give "expeditious consideration" to administrative appeals of such determinations.  *Id*. at §

3

552(a)(6)(E)(ii)(II).

13. Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination."  5 U.S.C. § 552(a)(6)(E)(iii).

14. A requester is not required to exhaust administrative remedies prior to seeking judicial review of an agency's denial of a request for expedited processing.  *See, e.g.*, *American Civil Liberties Union v. Dep't of Justice*, 321 F. Supp. 2d 24, 28-29 (D.D.C. 2004).

15. The DOJ has promulgated regulations providing for expedited processing of FOIA requests in four instances.  28 C.F.R. § 16.5(d).  Under those regulations, a requester may seek expedited processing where there is an urgency to inform the public about an actual or alleged federal government activity and the person making the request is primarily engaged in disseminating information.  Alternatively, expedition is warranted under DOJ regulations if the request involves a matter of widespread and exceptional media interest and the subject matter raises possible questions about the government's integrity affecting public confidence.  *Id*. at §§ 16.5(d)(1)(ii), (iv).

16. Requesters seeking DOJ expedition based on a matter of widespread and exceptional media interest must submit their request for expedition to the director of DOJ's Public Affairs. 28 C.F.R. § 16.5(d)(2).  All requesters seeking expedition must certify that the basis for their request is true and correct to the best of their knowledge and belief.  *Id*. at § 16.5(d)(3).

17. DOJ regulations require the DOJ to grant or deny a request for expedited processing within 10 calendar days of receipt.  28 C.F.R. § 16.5(d)(4).  If expedition is granted, the request is given priority and must be processed "as soon as practicable."  *Id*.

18. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

**FACTS UNDERLYING PLAINTIFF'S PRAYER FOR RELIEF**

**The CIA Leak Investigation and the Role of Vice President Cheney**

19. As part of Special Counsel Patrick J. Fitzgerald's investigation into the leak of the covert CIA identity of Valerie Plame Wilson, the FBI interviewed I. Lewis Libby on November 26, 2003.  During that interview, Mr. Libby told the FBI that it was "possible" that Vice President Richard B. Cheney had instructed him to leak the covert identity of Ms. Wilson.

20. The leak of Ms. Wilson's covert identity followed the publication of a *New York Times* op-ed column by her husband, former Ambassador Joseph Wilson, outlining what he found in his trip to Niger to investigate allegations that Iraq had sought uranium from Africa. During the criminal trial of Mr. Libby, Cathie Martin, Assistant to the Vice President for Public Affairs, testified that she, Mr. Libby and Vice President Cheney all participated in a press strategy to discredit Ambassador Wilson's account.

21. Special Counsel Fitzgerald, in his closing remarks to the jury during the criminal prosecution of Mr. Libby, stated that "[t]here is a cloud over what the Vice President did that week. He wrote those columns.  He had those meetings.  He sent Libby off to Judith Miller at the St. Regis Hotel.  At that meeting, the two-hour meeting, the defendant talked about the wife.  We didn't put that cloud there.  That cloud remains."

22. For more than a year, the House of Representatives Committee on Oversight and Government Reform ("the Committee") has been seeking documents from defendant DOJ relating to the Committee's investigation into the leak of Ms. Wilson's covert CIA identity.  As

5

part of that investigation, the DOJ provided the Committee with redacted versions of reports of FBI interviews of White House staff, but has refused to permit any access to the interview reports of the president and vice president.

23. Special Counsel Fitzgerald has advised the Committee that as to the FBI's interviews of the president and vice president, "there were no agreements, conditions, and understandings between the Office of Special Counsel or the Federal Bureau of Investigation and either the President or Vice President regarding the conduct and use of the interview or interviews."

24. On July 15, 2008, Attorney General Michael B. Mukasey requested that the president assert executive privilege in response to a subpoena from the Committee seeking the FBI's reports of the Special Counsel's interviews with the vice president as well as notes prepared during the interviews.  On July 17, 2008, the Committee announced that President Bush had invoked executive privilege to block the DOJ from providing the Committee with the subpoenaed documents.

**Plaintiff's FOIA Request and Request for Expedited Processing**

25. On July 17, 2008, plaintiff sent a FOIA request by facsimile and first-class mail to defendant DOJ seeking records, regardless of format and including electronic records and information, "relating to any interview outside the presence of the grand jury of Vice President Richard B. Cheney that are part of Special Counsel Patrick Fitzgerald's investigation into the leak of the identity of Valerie Plame Wilson, a covert CIA officer."  CREW explained that its request is coextensive with the subpoena issued by the Committee to the attorney general on June 16, 2008, for the same records concerning Vice President Cheney.  CREW's request was directed to the DOJ's Office of Information and Privacy ("OIP"), which is responsible for FOIA

6

requests seeking records of the attorney general, deputy attorney general and associate attorney general.

26. CREW sought a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way, and the request is primarily and fundamentally for non-commercial purposes. Specifically, the requested records are likely to contribute to the public's understanding of the role of the vice president in the disclosure of Ms. Wilson's covert identity, the information that formed part of the basis for the DOJ's decision not to prosecute Mr. Cheney, and whether the attorney general advocated that the president assert executive privilege in response to the congressional subpoena to protect the vice president and prevent the public from learning the truth about the vice president's role in the leak of Ms. Wilson's covert identity.

27. In addition, CREW sought expedited processing of its FOIA request for the express purpose of disseminating any responsive documents to the public and in view of the particular urgency to inform the public about the role Vice President Cheney played in the leak of Ms. Wilson's covert CIA identity and the basis for the decision not to prosecute the vice president. In addition, Attorney General Mukasey's actions raise a serious question of whether he is subverting a legitimate congressional inquiry in order to cover up the truth and protect the vice president.   Disclosure of the requested documents will go a long way toward answering those questions.   As required by 28 C.F.R. § 16.5(d)(3), CREW certified that the basis for its request for expedition is true and correct to the best of its counsel's knowledge and belief.

28. By letter dated July 17, 2008, and sent by facsimile and first-class mail, CREW also requested that Brian Roehrkasse, DOJ's Director of Public Affairs, grant CREW's request for

expedition in light of the widespread and exceptional media interest in this matter and the substantial concerns that have been raised about the government's integrity that affect public confidence in the president, the attorney general and the agency he heads. CREW included numerous news articles demonstrating the widespread and exceptional media interest in this matter.

### Defendant DOJ's Purported Grant of Expedited Processing

29. By letter dated July 24, 2008, Carmen L. Mallon, Chief of Staff for the OIP, acknowledged receipt of CREW's FOIA request in her office on July 17, 2008, and advised CREW that its request for expedition had been granted by the director of Public Affairs. Ms. Mallon stated that her office had initiated records searches of the Offices of the Attorney General and Deputy Attorney General as well as the Departmental Executive Secretariat. Ms. Mallon further advised CREW that OIP has not yet made a decision on CREW's request for a fee waiver and provided the name of Matthew M. Carr in OIP as the person to contact with any questions about OIP's processing of CREW's request.

### Defendant DOJ's Failure to Expedite the Processing of Plaintiff's FOIA Request

30. On July 28, 2008, CREW's counsel contacted Mr. Carr to inquire about the status of CREW's request, but was unable to reach Mr. Carr. CREW's counsel left a telephone message requesting that Mr. Carr call back.

31. On August 1, 2008, having heard nothing from defendant DOJ or Mr. Carr, CREW's counsel again telephoned Mr. Carr to ascertain the status of CREW's request. Mr. Carr advised CREW's counsel that the DOJ would complete its processing of the request "as soon as possible," but was unable to identify a more precise date by which processing would be complete.

32. Notwithstanding defendant DOJ's purported decision to expedite the processing of plaintiff's FOIA request, to date the DOJ has neither produced a single document to CREW nor withheld or otherwise accounted for any responsive documents.  Nor has defendant DOJ informed plaintiff of an anticipated date for completing the processing of plaintiff's FOIA request.

33. Not only has defendant DOJ failed to expedite the processing of plaintiff's request, it has also exceeded the generally applicable twenty-day deadline for the processing of *any* FOIA request.

34. Plaintiff has exhausted the applicable administrative remedies.

35. Defendant DOJ has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

36. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

37. Plaintiff properly requested that defendant DOJ expedite the processing of plaintiffs' FOIA request, which sought agency records within the custody and control of the DOJ.

38. Defendant DOJ wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of plaintiff's FOIA request.

39. Plaintiff has exhausted the applicable administrative remedies with respect to defendant DOJ's wrongful withholding of the requested records.

40. Plaintiff is entitled to injunctive and declaratory relief with respect to the expedited release and disclosure of the requested records.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Issue a declaration that plaintiff is entitled to expedited processing of its FOIA request submitted to defendant DOJ on July 17, 2008;

(2) Issue a declaration that plaintiff is entitled to a complete waiver of processing fees associated with its FOIA request submitted to defendant DOJ on July 17, 2008;

(3) Order defendant DOJ to process immediately the requested records in their entirety;

(4) Order defendant DOJ upon completion of such expedited processing to disclose the requested records and make copies available to plaintiff;

(5) Provide for expeditious proceedings in this action;

(6) Retain jurisdiction of this action to ensure that the processing of plaintiff's FOIA request is expedited and that no agency records are wrongfully withheld;

(7) Award plaintiff reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(8) Grant such other and further relief as the Court may deem just and proper.


Respectfully submitted,


_____
DAVID L. SOBEL, D.C. Bar No. 360418
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 246-6180

ANNE L. WEISMANN, D.C. Bar No. 298190
MELANIE SLOAN, D.C. Bar No. 434584
Citizens for Responsibility and
  Ethics in Washington

1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
(202) 408-5565

Counsel for Plaintiff

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Citizens for Responsibility and Ethics in Washington | U.S. Department of Justice |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)**     DC | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>David L. Sobel<br>1875 Conn. Ave., NW, Suite 650, WDC<br>202-246-6180 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

○ 1  U.S. Government Plaintiff

○ 3  Federal Question (U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

○ 4  Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐  410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐  310 Airplane
☐  315 Airplane Product Liability
☐  320 Assault, Libel & Slander
☐  330 Federal Employers Liability
☐  340 Marine
☐  345 Marine Product Liability
☐  350 Motor Vehicle
☐  355 Motor Vehicle Product Liability
☐  360 Other Personal Injury
☐  362 Medical Malpractice
☐  365 Product Liability
☐  368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐  151 Medicare Act

Social Security:
☐  861 HIA ((1395ff)
☐  862 Black Lung (923)
☐  863 DIWC/DIWW (405(g)
☐  864 SSID Title XVI
☐  865 RSI (405(g)
Other Statutes
☐  891 Agricultural Acts
☐  892 Economic Stabilization Act
☐  893 Environmental Matters
☐  894 Energy Allocation Act
☐  890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

**\*(If Antitrust, then A governs)\***

○ **E.** *General Civil (Other)*        OR        ○ **F.** *Pro Se General Civil*

Real Property
☐  210 Land Condemnation
☐  220 Foreclosure
☐  230 Rent, Lease & Ejectment
☐  240 Torts to Land
☐  245 Tort Product Liability
☐  290 All Other Real Property

Personal Property
☐  370 Other Fraud
☐  371 Truth in Lending
☐  380 Other Personal Property Damage
☐  385 Property Damage Product Liability

Bankruptcy
☐  422 Appeal 28 USC 158
☐  423 Withdrawal 28 USC 157

Prisoner Petitions
☐  535 Death Penalty
☐  540 Mandamus & Other
☐  550 Civil Rights
☐  555 Prison Condition

Property Rights
☐  820 Copyrights
☐  830 Patent
☐  840 Trademark

Federal Tax Suits
☐  870 Taxes (US plaintiff or defendant
☐  871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐  610 Agriculture
☐  620 Other Food &Drug
☐  625 Drug Related Seizure of Property 21 USC 881
☐  630 Liquor Laws
☐  640 RR & Truck
☐  650 Airline Regs
☐  660 Occupational Safety/Health
☐  690 Other

Other Statutes
☐  400 State Reapportionment
☐  430 Banks & Banking
☐  450 Commerce/ICC Rates/etc.
☐  460 Deportation

☐  470 Racketeer Influenced & Corrupt Organizations
☐  480 Consumer Credit
☐  490 Cable/Satellite TV
☐  810 Selective Service
☐  850 Securities/Commodities/ Exchange
☐  875 Customer Challenge 12 USC 3410
☐  900 Appeal of fee determination under equal access to Justice
☐  950 Constitutionality of State Statutes
☐  890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ◉ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General<br>☐ **510** Motion/Vacate Sentence | ☐ **442** Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>**\*(If pro se, select this deck)\*** | ☒ **895** Freedom of Information Act<br>☐ **890** Other Statutory Actions<br>(if Privacy Act)<br><br>**\*(If pro se, select this deck)\*** | ☐ **152** Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act<br>☐ **720** Labor/Mgmt. Relations<br>☐ **730** Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ **740** Labor Railway Act<br>☐ **790** Other Labor Litigation<br>☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights<br>Act)<br>☐ **443** Housing/Accommodations<br>☐ **444** Welfare<br>☐ **440** Other Civil Rights<br>☐ **445** American w/Disabilities-<br>Employment<br>☐ **446** Americans w/Disabilities-<br>Other | ☐ **110** Insurance<br>☐ **120** Marine<br>☐ **130** Miller Act<br>☐ **140** Negotiable Instrument<br>☐ **150** Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ **153** Recovery of Overpayment of<br>Veteran's Benefits<br>☐ **160** Stockholder's Suits<br>☐ **190** Other Contracts<br>☐ **195** Contract Product Liability<br>☐ **196** Franchise | ☐ **441** Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ **1** Original
Proceeding    ○ **2** Removed
from State
Court    ○ **3** Remanded from
Appellate Court    ○ **4** Reinstated
or Reopened    ○ **5** Transferred from
another district
(specify)    ○ **6** Multi district
Litigation    ○ **7** Appeal to
District Judge
from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Wrongful withholding of agency records, 5 U.S.C. Sec. 552

---

**VII. REQUESTED IN
COMPLAINT**    ☐ CHECK IF THIS IS A **CLASS
ACTION** UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in compl...
**JURY DEMAND:**    YES ☐    NO ☒

**VIII. RELATED CASE(S)
IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

**DATE**   8/25/08     **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.