**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C. A. No. 08-1468 (EGS) |
| **U.S. DEPARTMENT OF JUSTICE**, | ) ) | |
| Defendant. | ) ) ) | |

## <u>PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION</u>

Pursuant to Fed. R. Civ. P. 65, plaintiff Citizens for Responsibility and Ethics in Washington respectfully moves for entry of a preliminary injunction to enjoin defendant Department of Justice's unlawful attempts to impede plaintiff's efforts to expeditiously obtain agency records concerning concerning interviews of Vice President Richard B. Cheney conducted as part of Special Counsel Patrick J. Fitzgerald's investigation into the leak of Valerie Plame Wilson's covert CIA identity. Plaintiff seeks an order requiring defendant to expedite the processing of plaintiff's Freedom of Information Act request, and to disclose non-exempt, responsive records within 10 days of the Court's order.

The grounds for this motion are set forth in the accompanying memorandum of points and authorities. Plaintiff asks that the Court, pursuant to Local Rule 65.1(d), schedule a hearing on this application for a preliminary injunction at the Court's earliest convenience.

Respectfully submitted,

*/s/ David L. Sobel*
DAVID L. SOBEL, D.C. Bar No. 360418
1875 Connecticut Avenue, N.W.

Suite 650
Washington, DC 20009
(202) 246-6180

ANNE L. WEISMANN, D.C. Bar No. 298190
MELANIE SLOAN, D.C. Bar No. 434584
Citizens for Responsibility and
  Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
(202) 408-5565

Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CITIZENS FOR RESPONSIBILITY AND** | ) | |
| **ETHICS IN WASHINGTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C. A. No. 08-1468 (EGS) |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## I.    INTRODUCTION

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,
seeking the expedited processing and release of records held by defendant Department of Justice
("DOJ") concerning interviews of Vice President Richard B. Cheney conducted as part of
Special Counsel Patrick J. Fitzgerald's investigation into the leak of Valerie Plame Wilson's
covert CIA identity.

Defendant DOJ has acknowledged that the requested information qualifies for expedited
processing, and has purported to grant plaintiff's request for such treatment.  Nonetheless, in
violation of the FOIA and the agency's own regulations, DOJ has failed to process plaintiff's
request even within the statutory time frame (20 business days) for a standard request that is *not*
entitled to expedited treatment.  Defendant's failure to process the request — or to even identify
a date by which it expects to complete processing — violates the law.

An order compelling the timely processing and production of these documents is critical
because, as DOJ concedes, plaintiff's FOIA request "involves a matter of widespread and
exceptional media interest and the subject matter raises possible questions about the
government's integrity affecting public confidence."  Plaintiff's uncontested statutory right to
expedition will be irretrievably lost absent the requested relief.  Because both plaintiff's rights

and defendant's obligations are highly time-sensitive, plaintiff respectfully requests entry of an

order compelling defendant DOJ to process and disclose the requested records immediately.

## II.    STATEMENT OF FACTS

### A.    The Special Counsel's Investigation of the Leak of Valerie Plame Wilson's Covert CIA Identity

Valerie Plame Wilson was an employee of the CIA until January 2006.  Her employment

status was classified and was not publicly known until July 14, 2003, when a press report

precipitated by leaks exposed her status.  The leak of Ms. Wilson's covert identity followed the

publication of a *New York Times* op-ed column by her husband, former Ambassador Joseph

Wilson, outlining what he found in his trip to Niger to investigate allegations that Iraq had

sought uranium from Africa.  An investigation of the leak ensued and, in December of 2003,

Attorney General John Ashcroft recused himself from participation and delegated his full

authority in the investigation to the Deputy Attorney General as Acting Attorney General.  The

Deputy, in turn, appointed Patrick J. Fitzgerald**,** United States Attorney for the Northern District

of Illinois, as special counsel and delegated full authority concerning the investigation to him.

*See generally, In re Grand Jury Subpoena (Miller)*, 397 F.3d 964 (D.C. Cir. 2005).

As part of Special Counsel Fitzgerald's investigation, the FBI interviewed I. Lewis

("Scooter") Libby, then Chief of Staff to the Vice President, on November 26, 2003.  During that

interview, Mr. Libby told the FBI that it was "possible" that Vice President Richard B. Cheney

had instructed him to leak the covert identity of Ms. Wilson.  Letter from Rep. Henry A.

Waxman, Chairman of the House Committee on Oversight and Government Reform, to Attorney

General Michael B. Mukasey, July 8, 2008, *available at* http://oversight.house.gov/documents/

20080708103209.pdf, at 1-2.   The special counsel's investigation ultimately resulted in the

indictment and trial of Mr. Libby.  During the criminal trial of Mr. Libby, Cathie Martin,

Assistant to the Vice President for Public Affairs, testified that she, Mr. Libby and Vice President Cheney all participated in a press strategy to discredit Ambassador Wilson's op-ed column. *Id.* at 5. Special Counsel Fitzgerald, in his closing remarks to the jury during the criminal prosecution of Mr. Libby, stated that "[t]here is a cloud over what the Vice President did that week. He wrote those columns. He had those meetings. He sent Libby off to Judith Miller at the St. Regis Hotel. At that meeting, the two-hour meeting, the defendant talked about the wife. We didn't put that cloud there. That cloud remains." *Id.* at 6.

For more than a year, the House of Representatives Committee on Oversight and Government Reform ("the Committee") has been seeking documents from defendant DOJ relating to the Committee's investigation into the leak of Ms. Wilson's covert CIA identity. As part of that investigation, the DOJ provided the Committee with redacted versions of reports of FBI interviews of White House staff, but has refused to permit any access to the interview reports of the president and vice president. *Id.* at 1.

Special Counsel Fitzgerald has advised the Committee that as to the FBI's interviews of the president and vice president, "there were no agreements, conditions, and understandings between the Office of Special Counsel or the Federal Bureau of Investigation and either the President or Vice President regarding the conduct and use of the interview or interviews." *Id.* at 2, 7. On July 15, 2008, Attorney General Michael B. Mukasey nonetheless requested that the president assert executive privilege in response to a subpoena from the Committee seeking the FBI's reports of the special counsel's interviews with the vice president as well as notes prepared during the interviews. Letter from Attorney General Michael B. Mukasey to President George W. Bush, July 15, 2008 ("Mukasey Letter"), *available at* http://oversight.house.gov/ documents/20080716104027.pdf. On July 15, 2008, the Justice Department informed the

Committee that President Bush had invoked executive privilege to block the Attorney General

from providing the Committee with the subpoenaed documents.  Letter from Rep. Henry A.

Waxman, Chairman of the House Committee on Oversight and Government Reform, to Attorney

General Michael B. Mukasey, August 5, 2008, *available at* http://oversight.house.gov/

documents/20080805111727.pdf.

> B.      **CREW's Freedom of Information Act Request For Records About**
>         **the Cheney Interviews and Request For Expedited Processing**

On July 17, 2008, plaintiff Citizens for Responsibility and Ethics in Washington

("CREW") sent a FOIA request by facsimile and first-class mail to defendant DOJ seeking

records, regardless of format and including electronic records and information, "relating to any

interview outside the presence of the grand jury of Vice President Richard B. Cheney that are

part of Special Counsel Patrick Fitzgerald's investigation into the leak of the identity of Valerie

Plame Wilson, a covert CIA officer."  Letter from Anne L. Weismann, CREW, to Carmen L.

Mellon, DOJ, July 17, 2008, attached to Declaration of Anne L. Weismann ("Weismann Decl.")

as Exhibit A, at 1.  CREW explained that its request is coextensive with the subpoena issued by

the Committee to the attorney general on June 16, 2008, for the same records concerning Vice

President Cheney.  *Id*.  CREW's request was directed to DOJ's Office of Information and

Privacy ("OIP"), which is responsible for FOIA requests seeking records of the attorney general,

deputy attorney general and associate attorney general.

CREW sought expedited processing of its FOIA request pursuant to the applicable DOJ

regulation, 28 C.F.R. §16.5(d)(1)(ii), noting both its intention of disseminating any responsive

documents to the public, and the particular urgency to inform the public about 1) the role Vice

President Cheney may have played in the leak of Ms. Wilson's covert CIA identity, and 2) the

basis for the decision not to prosecute the vice president.  *Id*. at 3.  In addition, CREW asserted

that Attorney General Mukasey's actions raise a serious question of whether he is subverting a legitimate congressional inquiry in order to cover up the truth and protect the vice president, and that "[d]isclosure of the requested documents will go a long way toward answering those questions." *Id*. As required by the applicable DOJ regulation, 28 C.F.R. § 16.5(d)(3), CREW certified that the basis for its request for expedition is true and correct to the best of its counsel's knowledge and belief.[1]

By letter dated July 17, 2008, and sent by facsimile and first-class mail, CREW also requested that Brian Roehrkasse, DOJ's Director of Public Affairs, grant CREW's request for expedition pursuant to 28 C.F.R. §16.5(d)(1)(iv) in light of the "widespread and exceptional media interest" in this matter and the "possible questions about the government's integrity which affect public confidence" in the president, the attorney general and the Department of Justice. Letter from Anne L. Weismann, CREW, to Brian Roehrkasse, DOJ, July 17, 2008, attached to Weismann Decl. as Exhibit B, at 1. CREW included numerous news articles demonstrating the widespread and exceptional media interest in the possible role of Vice President Cheney in the Wilson leak and the Special Counsel's decision not to prosecute him. *Id*.

---

[1] CREW also sought a waiver of fees associated with processing its request on the grounds that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way, and the request is primarily and fundamentally for non-commercial purposes. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Specifically, CREW asserted that the requested records are likely to contribute to the public's understanding of the role of the vice president in the disclosure of Ms. Wilson's covert identity, the information that formed part of the basis for DOJ's decision not to prosecute Mr. Cheney, and whether the attorney general advocated that the president assert executive privilege in response to the congressional subpoena to protect the vice president and prevent the public from learning the truth about the vice president's role in the leak of Ms. Wilson's covert identity. Exhibit A at 2.

**C.     Defendant DOJ's Purported Grant of Expedition and Subsequent Failure to Expedite the Processing of Plaintiff's FOIA Request**

By letter dated July 24, 2008, Carmen L. Mallon, Chief of Staff for the OIP, acknowledged receipt of CREW's FOIA request in her office on July 17, 2008, and advised CREW that its request for expedition had been granted by the director of Public Affairs.  Letter from Carmen L. Mallon, DOJ, to Anne L. Weismann, CREW, July 24, 2008, attached to Weismann Decl. as Exhibit C, at 1.  Ms. Mallon stated that her office had initiated records searches of the Offices of the Attorney General and Deputy Attorney General as well as the Departmental Executive Secretariat.  *Id.*  Ms. Mallon further advised CREW that OIP "ha[s] not yet made a decision" on CREW's request for a fee waiver and provided the name of Matthew M. Carr in OIP as the person to contact with any questions about OIP's processing of CREW's request.  *Id.*

On July 28, 2008, CREW's counsel contacted Mr. Carr to inquire about the status of CREW's request, but was unable to reach him.  Weismann Decl., ¶ 8.  CREW's counsel left a telephone message requesting that Mr. Carr call back.  *Id.*  On August 1, 2008, having heard nothing from defendant DOJ or Mr. Carr, CREW's counsel again telephoned Mr. Carr to ascertain the status of CREW's request.  *Id.*, ¶ 9.  Mr. Carr advised CREW's counsel that the DOJ would complete its processing of the request "as soon as possible," but was unable to identify a more precise date by which processing would be complete.  *Id.*  On August 11, 2008, Mr. Carr sent an electronic mail message to CREW's counsel stating that, "I am writing to inform you that our search of the Offices of the Attorney General and Deputy Attorney General are [sic] on-going.  I will write you again as soon as this status changes." *Id.*, ¶ 10; Exhibit D (attached to Weismann Decl.).

Notwithstanding defendant DOJ's purported decision to expedite the processing of plaintiff's FOIA request, to date the DOJ has neither produced a single document to CREW nor withheld or otherwise accounted for any responsive documents.  Nor has defendant DOJ informed plaintiff of an anticipated date for completing the processing of plaintiff's FOIA request.  Weismann Decl., ¶ 11.

Not only has defendant DOJ failed to expedite the processing of plaintiff's request, it has also exceeded the generally applicable 20-day deadline for the processing of *any* FOIA request. *See* 5 U.S.C. § 552(a)(6)(A).

## III.    ARGUMENT

The issue raised in this motion is clear-cut and discrete.  Although DOJ has acknowledged CREW's legal entitlement to expedited processing of its July 17, 2008 FOIA request, the agency has failed to comply not only with the FOIA's provisions for expedited processing, but also the statute's mandated time frame of 20 working days for responding to standard FOIA requests.  The agency's failure to process the request is a continuing impediment to CREW's — and the public's — ability to timely examine the vice president's possible role in the unauthorized disclosure of Ms. Wilson's covert identity, as well as the decision of the special counsel not to charge the vice president in connection with that disclosure.  DOJ's actions are unlawful and must be enjoined.

### A.    The Court has Jurisdiction to Grant the Requested Relief

The Court's jurisdiction to consider this matter and grant appropriate relief is clear.  The FOIA provides, in pertinent part:

> Agency action to deny or affirm denial of a request for expedited processing . . .
> shall be subject to judicial review under paragraph (4), except that the judicial
> review shall be based on the record before the agency at the time of the
> determination.

5 U.S.C. § 552(a)(6)(E)(iii).  The referenced judicial review provision states, in pertinent part:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo . . . .

5 U.S.C. § 552(a)(4)(B).  *See Al-Fayed v. CIA*, 254 F.3d 300, 304 (D.C. Cir. 2001).

Here, notwithstanding DOJ's purported decision to "expedite" CREW's request, the agency has failed to respond within the generally applicable 20-working-day time limit established by 5 U.S.C. § 552(a)(6)(A).  CREW's claim is ripe for adjudication because CREW has exhausted all applicable administrative remedies. The FOIA provides:

> [a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

5 U.S.C. § 552(a)(6)(C).  *See also Oglesby v. Dep't of the Army*, 920 F.2d 57, 62 (D.C. Cir. 1990) ("If the agency has not responded within the statutory time limits, then . . . the requester may bring suit.").  As the FOIA provides, in reviewing DOJ's actions, "the court shall determine the matter de novo."  5 U.S.C. § 552(a)(4)(B); *see also Al-Fayed*, 254 F.3d at 308 ("[A] district court must review de novo an agency's denial of a request for expedition under FOIA.").

## B.    CREW is Entitled to Entry of an Order For Preliminary Injunction

In considering CREW's request for the entry of a preliminary injunction compelling defendant DOJ to process CREW's FOIA request and disclose responsive records, the court must assess four factors: 1) likelihood of success on the merits; 2) irreparable injury to the plaintiff; 3) burden on others' interests; and 4) the public interest.  *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *see also Bancoult v. McNamara*, 227 F. Supp. 2d 144, 150 (D.D.C. 2002).  Consideration of these factors in this case firmly establishes CREW's

entitlement to injunctive relief.[2]

### 1.    CREW is Likely to Prevail on the Merits of Its Claim

Given CREW's uncontested entitlement to the expedited processing of its requests under the explicit terms of the FOIA and defendant DOJ's regulations, CREW's likelihood of prevailing on the merits could not be stronger.

According to the FOIA and DOJ regulations, the agency is generally required to "determine within 20 days (except Saturdays, Sundays, and legal public holidays) after the receipt of . . . [a] request whether to comply with such request and shall immediately notify the person making such request of such determination[.]" 5 U.S.C. § 552(a) (6)(A)(i); *see also* 28 C.F.R. § 16.6(b). If the agency grants expedited treatment, the agency is obligated to process the request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii); 28 C.F.R. § 16.5(d)(4). Here, DOJ determined that CREW's request is entitled to expedited processing. Exhibit C, attached to Weismann Decl. ("The Director [of Public Affairs] has determined that your request for expedited processing . . . should be granted."). There is no indication in the record, however, that DOJ has done anything more than pay lip service to CREW's statutory and regulatory entitlement to expedition.

Because DOJ has already determined that CREW's FOIA request is entitled to expedited processing, the only question before the court is whether the agency is, in fact, processing the request "as soon as practicable." CREW is entitled to prevail on this issue since the agency has conceded that CREW's request is entitled to expedited processing and yet has violated the terms of the FOIA and agency regulations by failing to satisfy the processing time for even a standard,

---

[2]  This Court has recognized that "[o]n numerous occasions, federal courts have entertained motions for a preliminary injunction in FOIA cases and, when appropriate, have granted such motions." *Elec. Privacy Info. Ctr. v. DOJ* (*"EPIC"*), 416 F. Supp. 2d 30, 35 (D.D.C. 2006) (citations omitted).

*non-expedited* request.  As this Court has found, where an agency fails to comply with the 20-day deadline applicable to a standard FOIA request, the agency "presumptively also fails to process an expedited request 'as soon as practicable.'"  *EPIC,* 416 F.Supp.2d 30, 39 (D.D.C. 2006); *see also Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence*, 2007 U.S. Dist. LEXIS 89585, at *12-*14 (N.D. Cal. Nov. 27, 2007).[3]  The agency may rebut the presumption by demonstrating that the 20-day time period is "truly not practicable," but courts are not required simply to "take at face value an agency's determination that more time is necessary." *EPIC*, 416 F.Supp.2d at 37, 39.

When considering what is "practicable" with respect to the processing of CREW's request, it is important to note that the documents at issue are limited in number, well-defined and have just recently been reviewed by DOJ in response to the Committee's subpoena.  In his July 15, 2008 letter to the President, Attorney General Mukasey noted that the subpoenaed "documents include Federal Bureau of Investigation ('FBI') reports of the Special Counsel's interviews with the Vice President . . . as well as handwritten notes taken by FBI agents during some of these interviews."  Mukasey Letter at 1.  In his letter, the attorney general makes clear that "the Vice President's interview report" was carefully reviewed in the course of DOJ's decision to recommend that the president assert executive privilege.  *See*, *e.g.*, *id*. at 6 ("[m]uch of the information in the Vice President's interview report is cumulative, and thus not 'demonstrably critical' to the Committee's legislative functions.").  Given DOJ's familiarity with — and recent review of — the requested records, it is difficult to fathom why expedited processing of CREW's request is not "practicable."

---

[3] In *EPIC*, the court noted that the statute's "phrase 'as soon as practicable,' in the context of a provision of FOIA allowing for *expedited* processing, cannot be interpreted to impose a lower burden on the agency than would otherwise exist."  416 F. Supp. 2d at 39 (emphasis in original).

Although it is undisputed that CREW's request is legally entitled to expedited treatment,
defendant DOJ has failed to comply with the 20-day deadline set by the FOIA and its own
regulations for issuing a determination on even a non-expedited FOIA request.  The agency has
not (and cannot) offer adequate justification for the delay.  For these reasons, CREW is entitled
to the immediate processing and release of the requested records and asks that the Court issue an
order to secure this right.

> **2.    CREW Will Suffer Irreparable Injury in the Absence of the
> Requested Injunctive Relief**

Unless defendant DOJ's unlawful failure to comply with its obligation to expedite the
processing of CREW's FOIA request is immediately enjoined, CREW will suffer irreparable
harm.  The very nature of the right that CREW seeks to vindicate in this action — expedited
processing — depends upon timeliness, because "stale information is of little value."  *Payne
Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988); *EPIC*, 416 F. Supp. 2d at
40-41; *see also August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003) ("[T]he statutory goals [of
FOIA] — efficient, *prompt*, and full disclosure of information — can be frustrated by agency
actions that operate to delay the ultimate resolution of the disclosure request." (quoting *Senate of
the Commonwealth of Puerto Rico v. Dep't of Justice*, 823 F.2d 574, 580 (D.C. Cir. 1987)
(internal quotation marks and citations omitted) (emphasis in original)).

This Court has recognized explicitly that the requisite injury is present, and preliminary
injunctive relief is appropriate, in cases where expedited FOIA processing is at issue and where
time thus is of the essence:

> As the Supreme Court has made clear, public awareness of the government's
> actions is "a structural necessity in a real democracy."  Not only is public
> awareness a necessity, but so too is *timely* public awareness.  For this reason,
> Congress recognized that delay in complying with FOIA requests is "tantamount
> to denial."  The D.C. Circuit likewise acknowledged that "stale information is of
> little value."  The 1996 amendments to FOIA creating the statutory right to
> expedition in certain cases "underlined Congress' recognition of the value in

hastening release of certain information." As [plaintiff] correctly notes, "the loss of that 'value' constitutes a cognizable harm." As time is necessarily of the essence in cases like this, such harm will likely be irreparable.

*EPIC*, 416 F. Supp. 2d at 40-41 (emphasis in original; citations omitted). Under the statutory

scheme Congress established in the FOIA, it is clear that timing is a critical component of

expedited processing, and unless DOJ is ordered to process CREW's request immediately,

CREW's right to expedition under the FOIA will be irretrievably lost.

In addition to the loss of its clearly established statutory right, any further delay in the

processing of CREW's FOIA request will irreparably harm CREW's ability, and that of the

public, to obtain in a timely fashion information bearing directly upon the actions of the vice

president and the special counsel with respect to the Wilson leak investigation. The Supreme

Court has long recognized our democracy's interest in "the uninhibited, robust, and wide-open

debate about matters of public importance that secures an informed citizenry." *Cornelius v.*

*NAACP Legal Def. & Educ. Fund*, 473 U.S. 788, 815 (1985), quoting *New York Times Co. v.*

*Sullivan*, 376 U.S. 254, 270 (1964) (internal quotation marks omitted); *see also Board of Educ. v.*

*Pico*, 457 U.S. 853, 876 (1982) ("[T]he Constitution presupposes the existence of an informed

citizenry prepared to participate in governmental affairs.").

If there is to be meaningful public discussion of issues surrounding the leak investigation,

such examination "cannot be based solely upon information that the Administration voluntarily

chooses to disseminate." *EPIC*, 416 F. Supp. 2d at 41 n.9. Indeed, the public oversight

mechanism provided by the FOIA is central to open and democratic debate on critical policy

issues. As the Supreme Court has observed, the Act is "a means for citizens to know what the

Government is up to. This phrase should not be dismissed as a convenient formalism. *It defines*

*a structural necessity in a real democracy*." *Nat'l Archives & Records Admin. v. Favish*, 541

U.S. 157, 171-172 (2004) (emphasis added; citation and internal quotation marks omitted).

Moreover, as this Court recognizes, "[n]ot only is public awareness a necessity, but so too is

*timely* public awareness." *EPIC*, 416 F. Supp. 2d at 40 (emphasis in original).  *See also NAACP*

*Legal Def. & Educ. Fund, Inc. v. United States HUD*, 2007 U.S. Dist. LEXIS 88027, at *19

(S.D.N.Y. Nov. 30, 2007) (FOIA's expedited processing procedures "are statutorily imposed and

. . . are important to insuring that the public receive time-sensitive information without delay")

(citation omitted).

Because time is of the essence in this matter, CREW will be irreparably harmed unless

the Court acts now, "when it [is] still possible to grant effective relief," and before "all

opportunity to grant the requested relief [is] foreclosed." *Local Lodge No. 1266, Int'l Ass'n of*

*Machinists and Aerospace Workers v. Panoramic Corp.*, 668 F.2d 276, 290 (7th Cir. 1981).[4]

### 3.      Injunctive Relief Will Not Burden Others' Interests

Defendant DOJ cannot be "burdened" by a requirement that it merely comply with the

law.  The immediate relief CREW seeks will require nothing more of the government than what

federal law already mandates: the expedited processing of CREW's FOIA request, which DOJ

does not dispute is entitled to such treatment.  Furthermore, the relief CREW seeks will not

burden the interests of other parties who have submitted FOIA requests to DOJ in any manner

beyond that foreseen by Congress.  In providing for expedited processing of qualifying requests,

Congress intended that such requests would take precedence over those that do not qualify for

such treatment.  As such, expedited processing here should not be unduly burdensome for any

party.  The relevant offices within DOJ carry a relatively small FOIA caseload, and handle very

---

[4]  This court has recognized that delay in the processing of FOIA requests "may well result in
disclosing the relevant documents after the need for them in the formulation of national . . .
policy has been overtaken by events." *Natural Resources Defense Council v. Dep't of Energy,*
191 F. Supp. 2d 41, 43 (D.D.C. 2002) (*"NRDC"*) (granting motion for release of documents).

few requests that require expedited processing.  In fact, at the time the most recent DOJ statistics

on FOIA processing were published, the Office of the Attorney General had 136 requests

pending, twelve of which had been granted expedited processing, and the Office of the Deputy

Attorney General had 87 requests pending, twelve of which had been granted expedited

processing.[5]  U.S. Department of Justice, Freedom of Information Act Report for Fiscal Year

2007, Compliance With Time Limits/Status of Pending Requests, *available at*

http://www.usdoj.gov/oip/ annual_report/2007/07foiapg7.pdf.  None of these statistics suggests

that these offices should be unable to do what the law and agency regulations require: process

CREW's request in an expedited manner.

### 4.    The Public Interest Favors the Requested Relief

The final factor in the preliminary injunction analysis also weighs in favor of issuing the

order CREW seeks in this case.  The courts have long recognized that "there is an overriding

public interest . . . in the general importance of an agency's faithful adherence to its statutory

mandate." *Jacksonville Port Authr .v. Adams*, 556 F.2d 52, 59 (D.C. Cir. 1977); *EPIC*, 416 F.

Supp. 2d at 42.  Similarly, it is "axiomatic that an agency is required to follow its own

regulations." *Edmonds v. FBI*, No. 02-1294, 2002 U.S. Dist. LEXIS 26578, at *9 n.3 (D.D.C.

Dec. 3, 2002) (quoting *Cherokee National of Okla. v. Babbitt*, 117 F.3d 1489, 1499 (D.C. Cir.

1997) (internal quotation marks omitted)).  Such adherence is all that CREW seeks here.

The public interest will also be served by the expedited release of the requested records,

which will further the FOIA's core purpose of  "shedding light on an agency's performance of its

statutory duties." *Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S.

749, 773 (1989).  The public interest weighs in favor of a preliminary injunction because "[t]here

is public benefit in the release of information that adds to citizens' knowledge" of government

activities.  *Ctr. to Prevent Handgun Violence v. Dep't of the Treasury*, 49 F. Supp. 2d 3, 5

---

[5]  In her letter to CREW of July 24, 2008, Ms. Mallon stated that searches had been initiated "in
the Offices of the Attorney General and Deputy Attorney General."  Ex. C (attached to
Weismann Decl.).

(D.D.C. 1999); *see also EPIC*, 416 F. Supp. 2d at 42 ("the public interest is particularly well-served by the timely release of the requested documents").

For these reasons, the public interest favors the issuance of an order directing DOJ to immediately process and release the requested information.

### C.    The Court Should Order Defendant to Process CREW's FOIA Request Immediately

It is well established that preliminary injunctive relief is appropriate when, as in this case, an agency has failed to act upon a well-founded request for expedited processing. *See, e.g., EPIC*, 416 F. Supp. at 35 n.4 ("the court may use its equitable power to prevent agency delay, even when exercise of such authority is preliminary in nature.")  Congress expressly required agencies to make determinations on requests for expedited processing within 10 calendar days, 5 U.S.C. § 552(a)(6)(E)(ii)(I), and provided for immediate judicial review of adverse determinations, 5 U.S.C. § 552(a)(6)(E)(iii), demonstrating an intent that the courts should act quickly to vindicate the right to expedition. *See*, *e.g.*, *ACLU v. United States DOJ,* 321 F. Supp. 2d 24, 28-29 (D.D.C. 2004) (complete exhaustion of administrative remedies not a prerequisite to judicial review of agency expedition decisions).  Congress's mandate that disputes concerning expedited processing should be quickly resolved would be frustrated if aggrieved requesters were required to remain idle for 20 days after initiating suit before moving for partial summary judgment. Fed. R. Civ. P. 56(a).  As such, claims involving entitlement to expedited processing are appropriately addressed through motions for preliminary relief.  *EPIC*, 416 F. Supp. at 35. *See also Aguilera v. FBI*, 941 F. Supp. 144, 152-153 (D.D.C. 1996) (granting preliminary injunction FOIA lawsuit for expedited processing); *Cleaver v. Kelley*, 427 F. Supp. 80, 81-82 (D.D.C. 1976) (same); *ACLU v. Dep't of Defense*, 339 F. Supp. 2d 501, 503 (S.D.N.Y. 2004) (same).

The appropriate form of relief is no more than ordering the agency to follow the applicable DOJ regulations that dictate the manner in which expedited FOIA requests must be processed.  The regulations provide that DOJ generally processes requests in the order received,

28 C.F.R. §16.5(a), but that requests "will be taken out of order and given expedited processing treatment whenever it is determined that they [meet the criteria for expedited processing]," 28 C.F.R. §16.5(d). "If a request for expedited treatment is granted, the request shall be given priority and shall be processed as soon as practicable." 28 C.F.R. §16.5(d). DOJ concedes that CREW's request qualifies for expedited treatment, so there is no dispute that CREW's request must be processed as soon as practicable. Therefore, the Court should order DOJ to complete the processing of CREW's FOIA request immediately.

In several recent cases, courts have imposed specific processing deadlines on agencies, requiring the prompt delivery of non-exempt records to FOIA requesters. For example, in *Judicial Watch, Inc. v. Dep't of Energy*, 191 F. Supp. 2d 138 (D.D.C. 2002), the Court ordered the Department of Commerce and the Department of Transportation to process, respectively, 9000 and 6000 pages of material and to complete the processing within 60 days; and to provide the requester with an index detailing withholdings pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-8 (D.C. Cir. 1973) within 72 days. *Id*. at 141. It is worth noting that the FOIA requests at issue in that case were not claimed to be entitled to expedited processing. Similarly, in *NRDC*, this Court ordered the Energy Department to process 7500 pages of material; to complete the processing of the "vast majority" of the material within 32 days; to complete all processing within 48 days; and to provide the requester with a *Vaughn* index within 63 days. 191 F. Supp. 2d at 43-44. Again, the FOIA request in *NRDC*, unlike the request at issue here, had not been granted expedited treatment.

In *ACLU v. Dep't of Defense*, a case involving an expedited request, the District Court for the Southern District of New York ordered a variety of agencies to "produce or identify all responsive documents," and to provide the requesters with a *Vaughn* index, within 30 days. 339 F. Supp. 2d at 505. Furthermore, in *Elec. Privacy Info. Ctr. v. Dep't of Justice*, Civ. No. 05-845, 2005 U.S. Dist. LEXIS 40318, at **5-6 (D.D.C. Nov. 16, 2005) this Court ordered the FBI to "complete the processing of 1500 pages every 15 calendar days, and provide the plaintiff all responsive non-exempt pages contained therein, until processing is complete," after the agency

had granted a request for expedited processing but failed to produce any responsive records.

As we have noted, *see* p.10, *supra*, the material at issue here is narrowly defined, limited in volume, and well-known to defendant DOJ.  Indeed, the agency just recently reviewed the requested records in response to the Committee's subpoena and, based upon examination of the records' contents, recommended that the president assert executive privilege.  It is difficult to imagine a FOIA request that could impose *less* of a burden on an agency's processing capacity. *See*, *e.g.*, *Elec. Privacy Info. Ctr. v. FBI*, 865 F. Supp. 1, 2 (D.D.C. 1994) (agency motion for additional time to process FOIA request denied where requested documents "have already been reviewed").

Recognizing the "widespread and exceptional" public interest in the records at issue here (which DOJ has acknowledged), and given that "FOIA . . . envisions the courts playing an important role in guaranteeing that agencies comply with its terms,"  *EPIC*, 416 F. Supp. 2d at 37, CREW respectfully requests the Court to direct defendant DOJ to complete the processing of CREW's request and produce or identify all responsive records within 10 days of the issuance of its order.[6]

## CONCLUSION

For the foregoing reasons, CREW's motion for a preliminary injunction should be granted.

Respectfully submitted,


  /s/ David L. Sobel
DAVID L. SOBEL, D.C. Bar No. 360418
1875 Connecticut Avenue, N.W.
Suite 650

---

[6] Judicial resolution of the expedited processing issue would not resolve all issues raised in the complaint.  Once the question of processing time is resolved, the Court would retain jurisdiction to review the completeness and propriety of DOJ's substantive determination of CREW's FOIA request.  *See Open America v. Watergate Special Prosecution Force*, 547 F. 2d 605 (D.C. Cir. 1976).

Washington, DC 20009
(202) 246-6180

ANNE L. WEISMANN, D.C. Bar No. 298190
MELANIE SLOAN, D.C. Bar No. 434584
Citizens for Responsibility and
  Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
(202) 408-5565

Counsel for Plaintiff


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of August, 2008, copies of the foregoing motion for preliminary injunction, memorandum in support thereof, and supporting declaration were hand-delivered to the United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, DC 20530.


   */s/ David L. Sobel*
DAVID L. SOBEL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) |
| | ) |
| Plaintiff, | ) |
| v. | )     C. A. No. 08-1468 (EGS) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## DECLARATION OF ANNE L. WEISMANN

I, Anne L. Weismann, do hereby depose and state:

1. I am chief counsel for the plaintiff Citizens for Responsibility and Ethics in Washington ("CREW").

2. On July 17, 2008, on behalf of plaintiff CREW, I sent a FOIA request by facsimile and first-class mail to defendant U.S. Department of Justice ("DOJ") seeking records, regardless of format and including electronic records and information, "relating to any interview outside the presence of the grand jury of Vice President Richard B. Cheney that are part of Special Counsel Patrick Fitzgerald's investigation into the leak of the identity of Valerie Plame Wilson, a covert CIA officer."  A true and correct copy of my letter to Carmen L. Mellon, DOJ, dated July 17, 2008, is attached hereto as Exhibit A.

3. In my letter of July 17, 2008, CREW sought expedited processing of its FOIA request pursuant to the applicable DOJ regulation, 28 CFR §16.5(d)(1)(ii), noting both its intention to disseminate any responsive documents to the public, and the particular urgency to inform the public about 1) the role Vice President Cheney may have played in the leak of Ms. Wilson's covert CIA identity, and 2) the basis for the decision not to prosecute the vice president.  In

addition, CREW asserted that Attorney General Mukasey's actions raise a serious question of whether he is subverting a legitimate congressional inquiry in order to cover up the truth and protect the vice president, and that "[d]isclosure of the requested documents will go a long way toward answering those questions." As required by the applicable DOJ regulation, 28 C.F.R. § 16.5(d)(3), I certified that the basis for CREW's request for expedition is true and correct to the best of its counsel's knowledge and belief.

4. In my letter of July 17, 2008, CREW also sought a waiver of fees associated with processing its request on the grounds that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way, and the request is primarily and fundamentally for non-commercial purposes. *See* 5 U.S.C. § 552(a)(4)(A)(iii).

5. By letter dated July 17, 2008, and sent by facsimile and first-class mail, on behalf of CREW, I requested that Brian Roehrkasse, DOJ's Director of Public Affairs, grant CREW's request for expedition pursuant to 28 CFR §16.5(d)(1)(iv) in light of the "widespread and exceptional media interest" in this matter and the "possible questions about the government's integrity which affect public confidence" in the president, the attorney general and the Department of Justice. A true and correct copy of my letter to Brian Roehrkasse, DOJ, dated July 17, 2008, is attached hereto as Exhibit B.

6. By letter to me dated July 24, 2008, Carmen L. Mallon, Chief of Staff for the OIP, acknowledged receipt of CREW's FOIA request in her office on July 17, 2008, and advised CREW that its request for expedition had been granted by the director of Public Affairs. A true and correct copy of the letter from Carmen L. Mallon, DOJ, to me, dated July 24, 2008, is attached hereto as Exhibit C.

7.  In her letter to me dated July 24, 2008, Ms. Mallon stated that her office had initiated records searches of the Offices of the Attorney General and Deputy Attorney General as well as the Departmental Executive Secretariat.  Ms. Mallon further advised CREW that OIP "ha[s] not yet made a decision" on CREW's request for a fee waiver and provided the name of Matthew M. Carr in OIP as the person to contact with any questions about OIP's processing of CREW's request.

8.  On July 28, 2008, I contacted Mr. Carr to inquire about the status of CREW's request, but was unable to reach Mr. Carr.  I left a telephone message requesting that Mr. Carr call back.

9.  On August 1, 2008, having heard nothing from defendant DOJ or Mr. Carr, I again telephoned Mr. Carr to ascertain the status of CREW's request.  Mr. Carr advised me that the DOJ would complete its processing of the request "as soon as possible," but was unable to identify a more precise date by which processing would be complete.

10.  On August 11, 2008, Mr. Carr sent an electronic mail message to me and stated that, "I am writing to inform you that our search of the Offices of the Attorney General and Deputy Attorney General are [sic] on-going.  I will write you again as soon as this status changes."  A true and correct copy of Mr. Carr's electronic mail message is attached hereto as Exhibit D.

11.  Notwithstanding defendant DOJ's purported decision to expedite the processing of plaintiff's FOIA request, to date the DOJ has neither produced a single document to CREW nor withheld or otherwise accounted for any responsive documents.  Nor has defendant DOJ informed CREW of an anticipated date for completing the processing of  CREW's FOIA request.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct.

8-28-08
_____
Date

_____
Anne L. Weismann

3

# __EXHIBIT A__

Declaration of Anne L. Weissman

In Support of Plaintiff's Motion for Preliminary Injunction

*Citizens for Responsibility and Ethics in Washington*
*v. U.S. Department of Justice*, Civ. No. 08-1468 (D.D.C.)

# CREW | citizens for responsibility and ethics in washington

July 17, 2008

**By Fax (202) 514-1009 and first-class mail**

Carmen L. Mallon
Chief of Staff
Office of Information and Privacy
Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530-0001

**Re: Freedom of Information Act Request**

Dear Ms. Mallon:

Citizens for Ethics and Responsibility in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, et seq., and U.S. Department of Justice ("DOJ") regulations, 28 C.F.R. Part 16.

Specifically, CREW seeks all transcripts, reports, notes and other documents relating to any interviews outside the presence of the grand jury of Vice President Richard B. Cheney that are part of Special Counsel Patrick Fitzgerald's investigation into the leak of the identity of Valerie Plame Wilson, a covert CIA officer. This request is coextensive with the subpoena issued by the House of Representatives Committee on Oversight and Government Reform to Attorney General Michael B. Mukasey on June 16, 2008, for the same records concerning Vice President Cheney.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any and all kind, including electronic records, audiotapes, videotapes, photographs, and computer print-outs. Our request includes any telephone messages, voice mail messages, and daily agenda and calendars and information about scheduled meetings.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents, as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 959 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of supplying the sought-after information." King



v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable, non-exempt portions of the requested records. See 5 U.S.C. §552(b); Schiller v. Nat'l Labor Relations Bd., 969 F.2d 1205, 1209 (D.C. Cir. 1992). If it is your position that a document contains non-exempt segments and that those non-exempt segments are so dispersed throughout the documents as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed through the document. Mead Data Central v. U.S. Dep't of the Air Force, 455 F.2d 242, 261 (D.C. Cir. 1977). Claims of non-segregability must be made with the same detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

### Fee Waiver Request

In accordance with 5 U.S.C. §552(a)(4)(A)(iii) and 28 C.F.R. § 16.11(k), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes, pursuant to 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, the requested records are likely to contribute to the public's understanding of the role of the vice president in the disclosure of Ms. Wilson's covert identity, the information that formed part of the basis for DOJ's decision not to prosecute Mr. Cheney and whether the attorney general advocated that the president assert executive privilege in response to the congressional subpoena for these documents to protect the vice president and prevent the public from learning the truth about Mr. Cheney's role in the leak of Ms. Plame's covert identity.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the citizens' right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request and intends to share its analysis with the public, either through memoranda, reports, or press releases. CREW has an established record of carrying out these types of activities, as evidenced through its website, www.citizensforethics.org. Currently, the CREW website contains links to thousands of pages of documents acquired from multiple FOIA requests. See http://citizensforethics.org/activities/foia.php. Visitors to CREW's website can peruse the FOIA request letters, the responses from government agencies, and a growing number of documents responding to FOIA requests. CREW's virtual reading room provides around-the-clock access to

2

anyone interested in learning about the government activities that were the focus of CREW's FOIA requests. The CREW website also includes documents relating to CREW's FOIA litigation, Internal Revenue Service complaints, Federal Election Commission complaints and requests for investigation, such as the one CREW recently made of Attorney General Michael B. Mukasey relating to the activities of lobbyist Stephen Payne, who is alleged to have solicited contributions to the Bush library in exchange for securing meetings with top administration officials. In addition, CREW will disseminate any documents it acquires from its request to the public through www.governmentdocs.org, an interactive website CREW founded that includes thousands of pages of public documents from a number of organizations in addition to CREW.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

### Request for Expedition

Pursuant to 5 U.S.C. § 552(a)(6)(E)(I) and 28 C.F.R. § 16.5(d)(iv), CREW requests that DOJ expedite the processing of this request. As required by DOJ regulations, 28 C.F.R. § 16.5(d)(2), CREW is submitting its request for expedition to the director of Public Affairs. A copy of CREW's request is enclosed.

CREW also requests that DOJ expedite its request pursuant to 28 C.F.R. § 16.5(d)(ii). As explained above, CREW is engaged primarily in the dissemination of information that it gathers from a variety of sources, including the FOIA, and seeks the information requested in this FOIA request for the express purpose of disseminating it to the public. In addition to the interactive website that CREW founded, www.governmentdocs.org, that contains the documents CREW has acquired through the FOIA, CREW's website contains numerous examples of its efforts, including reports it has published based on information it receives through the FOIA. For example, CREW's report, Record Chaos: The Deplorable State of Electronic Record Keeping in the Federal Government, was based in significant part on documents it requested under the FOIA from a variety of agencies, including DOJ.

There is a particular urgency in informing the public about the role Vice President Cheney played in the leak of Ms. Wilson's covert CIA identity as well as the bases for the decision not to prosecute the vice president, despite Special Counsel Patrick Fitzgerald's statement at the trial of I. Lewis Libby that "[t]here is a cloud over what the Vice President did that week . . . That cloud remains." Further generating public concern are the recent actions of Attorney General Michael Mukasey, including his request of the White House that it assert executive privilege over the documents CREW is requesting here and the subsequent assertion of executive privilege. Attorney General Mukasey's actions raise a serious question of whether he is subverting a legitimate congressional inquiry to cover up the truth and protect the vice president. Disclosure of the documents CREW is requesting will go a long way toward answering those questions.

Pursuant to 28 C.F.R. § 16.5(d)(3), I hereby certify that the basis for CREW's request for expedition, as outlined above, is true and correct to the best of my knowledge and belief.

If you have any questions about this request, or foresee any problems in releasing fully the requested records on an expedited basis, please contact me at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such a determination. Please send the requested documents to Anne Weismann, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Sincerely,

ANNE L. WEISMANN
Chief Counsel
Citizens for Responsibility and Ethics
 in Washington

Enclosure

cc: Brian Roehrkasse

4

# __EXHIBIT B__

Declaration of Anne L. Weissman

In Support of Plaintiff's Motion for Preliminary Injunction

*Citizens for Responsibility and Ethics in Washington*
*v. U.S. Department of Justice*, Civ. No. 08-1468 (D.D.C.)

# CREW | citizens for responsibility and ethics in washington

July 17, 2008

**By fax (202-514-5331) and first-class mail**

Brian Roehrkasse
Director
Office of Public Affairs
U.S. Department of Justice
Room 1128
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Re: FOIA Request for Expedition

Dear Mr. Roehrkasse:

Pursuant to U.S. Department of Justice ("DOJ") Freedom of Information Act ("FOIA") regulations, specifically 28 C.F.R. § 16.5(d)(2), Citizens for Responsibility and Ethics in Washington ("CREW") requests that you grant its request for expedition of the enclosed FOIA request of this date.[1]

CREW's request seeks records relating to any interview outside the presence of the grand jury of Vice President Richard B. Cheney that are part of Special Counsel Patrick Fitzgerald's investigation into the leak of the identity of Valerie Plame Wilson, a covert CIA officer.

CREW requests expedition in light of the widespread and exceptional media interest in this matter and the questions that have been raised about the vice president's role in the leak of Ms. Wilson's covert identity, the evidence that was before DOJ when it made its decision not to prosecute the vice president and whether Attorney General Michael Mukasey requested that the president assert executive privilege in response to a congressional subpoena directed to the attorney general for these documents to protect the vice president. As a result, there are substantial concerns about the government's integrity that affect public confidence in the president, the attorney general and the agency he heads. See, e.g., Dan Froomkin, Bush Blocking Fitzgerald Cooperation, *Washingtonpost.com*, December 3, 2007; Dan Froomkin, Did Cheney Tell Libby to Do It?, *Washingtonpost.com*, June 3, 2008; Seth Stern, House Oversight Panel Threatens Attorney General With Contempt Citation, *Congressional Quarterly Today*, July 8, 2008; Joey Michalakes and David Matthews, White House Asserts Executive Privilege on Cheney, *The Hill*, July 16, 2008; Laurie Kellman, Bush Claims Executive Privilege on CIA Leak,

---

[1] CREW's FOIA request is enclosed as Exhibit 1.

*Associated Press*, July 16, 2008; Neil A. Lewis, <u>Leak Material is Privileged, Bush Says</u>, *The New York Times*, July 17, 2008; Dan Eggen, <u>White House Blocks Release of FBI Files</u>, *The Washington Post*, July 17, 2008.[2]

In light of this widespread and exceptional media interest and the possible questions about the government's integrity affecting public confidence, CREW satisfies the DOJ requirements for expedition. See 28 C.F.R. § 16.5(d)(1)(iv). Moreover, as CREW explained in its FOIA request, CREW is a non-profit corporation engaged primarily in disseminating information it gathers from a variety of sources, including the FOIA, and seeks the information requested in this FOIA request for the express purpose of disseminating it to the public. CREW's website, <u>www.citizensforethics.org</u>, contains links to thousands of pages of documents CREW acquired from multiple FOIA requests, as well as documents related to CREW's FOIA litigation and other complaints. Similarly, a website founded by CREW, <u>www.governmentdocs.org</u>, also includes the many thousands of pages of documents CREW acquired from its FOIA requests.

For the foregoing reasons, as well as those set forth in CREW's FOIA request of July 17, 2008, CREW requests that you grant its request for expedition.

Pursuant to 28 C.F.R. § 16.5(d)(3), I hereby certify that the basis for CREW's request for expedition is true and correct to the best of my knowledge and belief.

Sincerely,

Anne L. Weismann
Chief Counsel

Enclosures

cc: Carmen L. Mallon

---

[2] Copies of these articles are enclosed as Exhibit 2.

2

# EXHIBIT C

Declaration of Anne L. Weissman

In Support of Plaintiff's Motion for Preliminary Injunction

*Citizens for Responsibility and Ethics in Washington*
*v. U.S. Department of Justice*, Civ. No. 08-1468 (D.D.C.)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*

JUl 2 4 2008

Ms. Anne Weismann
Citizens for Responsibility and
  Ethics in Washington
Suite 450                                    Re:    AG/08-R0744
1400 Eye Street, NW                                 DAG/08-R0745
Washington, DC 20005                                CLM:MLF:MMC

Dear Ms. Weismann:

    This is to acknowledge receipt of your letter dated July 17, 2008, and received in this Office on July 17, 2008, in which you requested all records relating to interviews of Vice President Richard B. Cheney, conducted outside the presence of the grand jury, that pertain to Special Counsel Patrick Fitzgerald's investigation into the leak of Valerie Plame Wilson's CIA identity. This response is made on behalf of the Offices of the Attorney General and Deputy Attorney General.

    You requested expedited processing of your request. Specifically, you directed your request for expedited processing under the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence" to the Office of Public Affairs for a determination. 28 C.F.R. § 16.5(d)(1)(iv)(2007). The Director has determined that your request for expedited processing should be granted. Accordingly, your request has been assigned to a Freedom of Information Act Specialist in this Office. We have also initiated records searches in the Offices of the Attorney General and Deputy Attorney General, as well as the Departmental Executive Secretariat, which is the official records repository for these two Offices.

    We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether fees will be assessed for this request.

    If you have any questions or wish to discuss the processing of your request, you may contact Matthew M. Carr, the analyst processing your request, by telephone at the above number or you may write to him at the above address.

                                             Sincerely,

                                             Carmen L. Mallon
                                             Chief of Staff

# EXHIBIT D

Declaration of Anne L. Weissman

In Support of Plaintiff's Motion for Preliminary Injunction

*Citizens for Responsibility and Ethics in Washington*
*v. U.S. Department of Justice*, Civ. No. 08-1468 (D.D.C.)

From: Carr, Matt [mailto:Matt.Carr@usdoj.gov]
Sent: Monday, August 11, 2008 9:25 AM
To: Anne Weismann
Subject:

Dear Ms. Weismann,

    I am writing to inform you that our search of the Offices of the Attorney General and Deputy Attorney General are on-going.  I will write you again as soon as this status changes.

Matthew Carr
Freedom of Information Act Specialist
Office of Information and Privacy
(202) 616-5488

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** ) ) ) | |
| Plaintiff, ) | |
| v. ) | C. A. No. 08-1468 (EGS) |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE**, ) ) | |
| Defendant. ) | |
| _____) | |

**O R D E R**

 **UPON CONSIDERATION** of plaintiff's motion for a preliminary injunction,

defendant's response, and the entire record, it is this ___ day of September, 2008;

 **ORDERED** that plaintiff's motion is granted; and it is

 **FURTHER ORDERED** that defendant DOJ shall complete the processing of plaintiff's

July 17, 2008, Freedom of Information Act ("FOIA") request, and produce or identify all

responsive records, within 10 days of the date of this order; and it is

 **FURTHER ORDERED** that defendant DOJ shall provide plaintiff with a document

index and declaration, as specified in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), stating

defendant's justification for the withholding of any documents responsive to plaintiff's July 17,

2008 FOIA request, within 15 days of the date of this order.


_____     _____
Date            United States District Judge